[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] FINDINGS OF FACT AND CONCLUSIONS OF LAW
Findings of Fact
1. The plaintiff, Joanne Stubbs, resides at and owns the property located at 189 Winthrop Street, New Haven, Connecticut.
2. The defendant, James Mills, resides at and owns the property located at 191 Winthrop Street, New Haven, Connecticut.
3. At various times from November of 1999 until July of 2000, the defendant's two Rottweiler dogs went onto the plaintiff's property. CT Page 14742
4. The dogs caused some damage on the plaintiff's property including denting and scratching the plaintiff's aluminum siding and tearing a screen from the plaintiff's window.
5. The plaintiff's first count is in private nuisance and the plaintiff's second count is in civil trespass.
Conclusions of Law
1. Private nuisance consists of four elements:
 a) the condition complained of has a natural tendency to create danger and inflict injury upon person or property;
b) the danger created is a continuing one;
c) the use of the land in such a way is unreasonable or unlawful; and
 d) the condition caused injury by interfering with the plaintiff's right to use and enjoy the land in which the plaintiff has some interest, by way of ownership, lease or otherwise.
2. The plaintiff did not prove that the danger created is a continuing one, nor did she prove that the defendant's use of land is unreasonable and unlawful.
3. Although the plaintiff pled "civil trespass" the plaintiff's second count is more appropriately characterized as damage to property pursuant to § 22-357 of the Connecticut General Statutes. That section provides in pertinent part "If any dog does any damage to. property of any person, the owner or keeper, . . . shall be liable for such damage. . . .
4. The plaintiff must prove by a preponderance of the evidence the amount of any damage to be awarded. The evidence must give a substantial basis to estimate the amount of damages to a reasonable certainty. Although damage may be based on reasonable and probable estimates, it is not permissible to award damages on the basis of guess, speculation or conjecture. Beverly Hills Concepts, Inc. v. Schatz Schatz, Ribicoff Kotkin, 247 Conn. 48, 69 (1998).
5. No evidence was presented which provides the court with a sufficient basis to determine the amount of damages to a reasonable certainty. CT Page 14743
6. Evidence was presented which allows the court to conclude that some damage was inflicted upon the plaintiff by the defendant's dogs.
Conclusion
The court finds for the defendant on the plaintiff's first count private nuisance. The court finds for the plaintiff on the second count finding that trespass occurred as more fully set forth in § 22-357. The court awards $10 nominal damage for trespass.
By the Court,
Kevin E. Booth Judge of the Superior Court